### John Delbridge v. John D. Young.

VERDICT—*Conclusive, upon Conflicting Evidence.*—Where the evidence is conflicting, it is the business of the jury to say where the truth is.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of La Salle County; heard in that court on appeal from a justice of the peace; the Hon. DORRANCE DIBELL, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

MOLONEY, BURKE & MADDEN and SAMUEL RICHOLSON, attorneys for appellant.

THOMAS J. YOUNG and JAMES J. CONWAY, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is a suit brought by appellee upon a judgment recovered against appellant before a justice of the peace in

1879. The defense interposed was that the action was barred by the statute of limitation, to which it was replied that there was a new promise on the part of appellant to pay the debt which took the case out of the statute. A trial resulted in a verdict and judgment in favor of appellee for $200.

The only frictional question in the case is, as to whether the alleged new promise was sufficiently shown by the testimony. Upon this question three witnesses testified—appellee, a constable, named Charles Monroe, and appellant.

Appellee testified to several conversations had within five years before the commencement of this suit in which appellant promised to pay the debt. Monroe, who had the claim in his hands at one time within the five years for the purpose of collecting or obtaining a note with security, testified that appellant said it was an honest debt and that he should pay it as soon as he was able.

Appellant denied having had such conversation with either of them. In such a conflict it was the business of the jury to say where the truth was. We think they rightfully said it was with appellee and Monroe.

Although appellant did not use the word "judgment" in speaking of the debt which he said was an honest one, and should be paid by him, we think it was clearly understood by him and appellee that the promise meant and included the judgment debt.

We see no serious error in the instructions. The judgment does justice between the parties and should be affirmed. Judgment affirmed.